(109 App. Div. 63.)

### WEBB v. MANHEIM et al.

(Supreme Court, Appellate Division, First Department. November 24, 1905.)

1. BANKRUPTCY—CONVEYANCE IN FRAUD OF CREDITORS—EVIDENCE—SUFFICIENCY.

In an action by a trustee in bankruptcy to set aside a conveyance of land by the bankrupt as made with intent to defraud creditors, the fact that defendant was a lawyer, and for about a year and a half before the conveyance had been the attorney for the husband of the bankrupt, who had full power of attorney from his wife, and conducted business in her name, was not sufficient to show the transaction fraudulent, where it appeared that defendant had paid full value for the property.

2. SAME—ACTION BY TRUSTEE—SETTING ASIDE TRANSFER—RECEIVER.

Where, in an action by a trustee in bankruptcy to set aside a conveyance made by the bankrupt on the ground that it was made to defraud creditors, it appeared that there was a lis pendens on file, and that defendant was financially able to respond to any judgment that probably might be recovered against him for the rents, there was no ground for appointing a receiver.

Appeal from Special Term, New York County.

Suit by Edwin D. Webb, as trustee of Mary Feller in bankruptcy, against Louis Manheim and another. From an order appointing a receiver, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

B. N. Cardozo, for appellants.
A. S. Pratt, for respondent.

PATTERSON, J. This appeal is from an order appointing a receiver of rents and profits of real estate pending suit. The plaintiff was appointed trustee in bankruptcy of Mary Feller in March, 1905. In September, 1904, Mary Feller conveyed to Louis Manheim several parcels of real estate at Second avenue and East Fourteenth street in the city of New York. The trustee in bankruptcy brings this action to set aside and annul these conveyances, on the ground that they were made to secure an antecedent indebtedness of the grantor to the grantee, and also with intent to hinder, delay, and

defraud creditors. A notice of lis pendens was filed. Affidavits were submitted in support of the motion to appoint the receiver, in reply to which the defendant Manheim says that in the early part of September, 1904, the property was offered to him for sale for $210,000; that he went to see it, went over it, examined the leases and the rentals, and made an offer of $200,000 for it; that after two weeks' negotiations he agreed to buy it for $203,000, subject to a first mortgage on one of the houses of $82,000, and on another of $56,000, and a general mortgage of $52,000, which left an equity of $13,000 to be paid for in cash; that he bought the property, paid the full purchase price of $13,000 over and above the mortgage, with the exception of $400, retained to cover the adjustment of rents. His affidavit also shows that the price paid by him of $203,000 was the full value; that taxes amounting to $1,800 were to become due within a few weeks, and that the purchase price was virtually $204,800, and that the value of the premises was impaired by a restriction. The defendant also shows that he is a man of responsibility, and that if the plaintiff succeeds in setting aside the transfer of the property to him, he is abundantly able to account for all the rents he has received while the property has been in his possession.

In looking through the record, we are not satisfied that sufficient prima facie evidence has been adduced of the fraudulent character of these transfers to authorize the appointment of a receiver. It does appear that Louis Manheim was a lawyer, and that for about a year and a half he was the attorney for the husband of Mrs. Feller, and that Mr. Feller had a power of attorney from his wife, and conducted business in her name; but these bare facts are not sufficient to show that the transaction by which Manheim took title to this property was in fraud of creditors, or that there was an agreement by which he was to hold the property in trust for the bankrupt or her husband. It would appear that Manheim paid full value for the property. That fact is not necessarily inconsistent with the existence of an intent to defraud, but here such an intent is not to be inferred from what is contained in the affidavits presented. There is no sufficient reason shown why this property should be taken out of the hands of the grantee, who apparently paid full value therefor, and the rents sequestrated. There is a lis pendens on file which would affect a transfer of the title from Manheim, and it is shown that he is abundantly able to respond to any judgment that probably may be recovered against him for the rents received by him. This is not a case in which presumptions of fraud are to be indulged, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.